UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS CENTRAL COLLECTION AGENCY, and THE TRUSTEES OF THE NEW ENGLAND CARPENTERS PENSION FUND, NEW ENGLAND CARPENTERS GUARANTEED ANNUITY FUND, NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, NEW ENGLAND CARPENTERS VACATION SAVINGS FUND and NEW ENGLAND CARPENTERS TRAINING FUND,<br>        Plaintiffs,<br><br>        v.<br><br>RITA LEONE and RUSSELL J. MORRIS,<br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 15-<br>)<br>)<br>)<br>) |

## COMPLAINT

1.      This is an action under the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. Sections 1109(a) and 1132, and Section 301 of the Labor Management

Relations Act of 1947 (hereinafter "LMRA"), 29 U.S.C. Section 185, against defendants Rita

Leone and Russell J. Morris individually for breach of fiduciary duty.

2.      Jurisdiction is conferred by 29 U.S.C. Sections 1132(e)(1) and (f) and 29 U.S.C.

Sections 185(a), (b) and (c).

3.      Venue lies in this district pursuant to 29 U.S.C. Section 1132(e)(2) and U.S.C.

Section 185(c).

4.      The New England Carpenters Pension Fund, the New England Carpenters

Guaranteed Annuity Fund, the New England Carpenters Health Benefits Fund, the New England

Carpenters Vacation Savings Fund, and the New England Carpenters Training Fund,

(collectively, the "Funds") are trusts established in accordance with 29 U.S.C. §186(c), are

employee pension benefit or welfare plans as defined by 29 U.S.C. §1002(2), and are governed

by the plaintiff Trustees each of whom is a fiduciary to the plans as defined by 29 U.S.C. §1002(21).

5.      The New England based local unions affiliated with the United Brotherhood of Carpenters & Joiners of America and the New England Regional Council of Carpenters (collectively the "Union") are labor organizations as defined by 29 U.S.C. Section 152(5).

6.      Each of the Funds is a plan that is maintained pursuant to collective bargaining agreements between the Union and more than one employer, and is a plan to which more than one employer is required to contribute for all covered work performed by employees working within the territories defined by the agreements.

7.      Plaintiff New England Carpenters Central Collection Agency (hereinafter "the NECCCA") is an agency established by the New England Carpenters Pension Fund which has been designated by the Trustees of each of the various Funds identified in paragraph 4 and by the Union to collect all monies owed to the Funds and others by employers pursuant to collective bargaining agreements with the Union.

8.      During all times relevant hereto, D&L, Inc. (hereinafter, "D&L") was a corporation incorporated and existing under the laws of the Commonwealth of Massachusetts and having a principal place of business in Brighton, Massachusetts.

9.      During all times relevant hereto, D&L was engaged in an industry affecting commerce as defined in ERISA, 29 U.S.C. Sections 1002(5), (11) and (12), and as defined in LMRA, 29 U.S.C. Sections 152(2), (6) and (7).

10.     Defendant Rita Leone (hereinafter, "Leone") is a resident of Brighton, Massachusetts, and during all times relevant hereto, was the President of D&L.

2

11.     Defendant Russell J. Morris (hereinafter, "Morris") is a resident of Tewksbury, Massachusetts, and during all times relevant hereto, was the Vice President of D&L.

12.     Leone and Morris were responsible for running the day-to-day operations of D&L and responsible for all of its decisions pertaining to the payment of contributions to the Funds, including decisions whether to pay contributions.

13.     Leone is an employer or agent of an employer engaged in commerce and in an industry or activity affecting commerce as defined in §501(1) and (3) of the LMRA, 29 U.S.C. §142(1) and (3), and within the meaning of §301(a) of the LMRA, 29 U.S.C. §185(a), or the agent acting in the interest of such an employer as defined in §501(3) of the LMRA, 29 U.S.C. §142(3).  Leone is an employer within the meaning of §3(5) of ERISA, 29 U.S.C. §1002(5) and is thus obligated to make contributions to a multi-employer Plan within the meaning of 29 U.S.C. §1145.

14.     Morris is an employer or agent of an employer engaged in commerce and in an industry or activity affecting commerce as defined in §501(1) and (3) of the LMRA, 29 U.S.C. §142(1) and (3), and within the meaning of §301(a) of the LMRA, 29 U.S.C. §185(a), or the agent acting in the interest of such an employer as defined in §501(3) of the LMRA, 29 U.S.C. §142(3).  Morris is an employer within the meaning of §3(5) of ERISA, 29 U.S.C. §1002(5) and is thus obligated to make contributions to a multi-employer Plan within the meaning of 29 U.S.C. §1145.

15.     D&L was a party to one or more collective bargaining agreements (the "Collective Bargaining Agreement") with the Union at all material times which obligated D&L to make contributions to plaintiffs for each hour of work performed by its employees under the Agreement.

16.     The Collective Bargaining Agreement provides that, in the event an employer fails to make its required contributions in a timely fashion, the delinquent employer is obligated to the Funds, in addition to the principal amounts owed, for interest from the date when the payment was due, liquidated damages and for all costs and reasonable attorney's fees expended by the plaintiffs in any action to collect the delinquent contributions.

17.     Pursuant to the provisions of the Trust Agreement of the New England Carpenters Health Benefits Fund (the "Health Benefits Fund"), to which D&L agreed to be bound, contributions become vested Plan assets when due and that title to such amounts is vested in the Trustees of the Health Benefits Fund.

18.     The Funds are third-party beneficiaries of the Collective Bargaining Agreement and as such, Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 U.S.C. §1132(g)(2) and Section 1145.

19.     Notwithstanding its contractual obligations, D&L failed and refused to pay its obligations and has thus violated the Collective Bargaining Agreement.

20.     Leone herein had the ability to, and did in fact, make decisions to utilize assets of the Funds for purposes other than the payment to the Health Benefits Fund for the benefit of the Fund's participants.

21.     Russell herein had the ability to, and did in fact, make decisions to utilize assets of the Funds for purposes other than the payment to the Health Benefits Fund for the benefit of the Fund's participants.

## COUNT I
### (Breach of 29 U.S.C. §1145 by Leone)

22.     The Plaintiffs restate the paragraphs above as if fully restated herein.

23.     29 U.S.C. §1145 requires every employer to make contributions to the Funds as obligated to do so based on the underlying Collective Bargaining Agreement.

24.     ERISA defines employers as any "person" acting directly as an employer or individually in the interest of an employer.

25.     ERISA defines "person" to include an individual.

26.     Leone was an employer and/or person acting directly or indirectly in the interest of an employer.

27.     Leone made decisions and/or determinations to use finances and assets of D&L for purposes other than for the payment of due and owing employee benefit contributions to the Funds.

28.     Leone made decisions and/or determinations to not pay, and as a result did not pay, fringe benefit contributions on behalf of its employees.

## COUNT II
### (Breach of 29 U.S.C. §1145 by Morris)

29.     The Plaintiffs restate the paragraphs above as if fully restated herein.

30.     Morris was an employer and/or person acting directly or indirectly in the interest of an employer.

31.     Morris made decisions and/or determinations to use finances and assets of D&L for purposes other than for the payment of due and owing employee benefit contributions to the Funds.

5

32.     Morris made decisions and/or determinations to not pay, and as a result did not pay, fringe benefit contributions on behalf of its employees.

## COUNT III
### (Breach of Fiduciary Duty by Leone)

33.     The Plaintiffs restate the paragraphs above as if fully restated herein.

34.     Leone is a fiduciary within the meaning of 29 U.S.C. §1002(21) with respect to the Health Benefits Fund in that he exercised discretionary authority or control respecting management or disposition of assets of the Fund.

35.     Leone made decisions to utilize Health Benefits Fund assets for purposes other than for the benefit of the beneficiaries of the Fund.

36.     By engaging in the acts and omissions described, Leone has breached her fiduciary duty regarding the Health Benefits Fund within the meaning of 29 U.S.C. §1104(a)(1)(A).

37.     Leone is personally liable based on breaching her fiduciary duties pursuant to 29 U.S.C. §1109(a), and is personally liable to that Fund for any resulting losses to the Fund.

## COUNT IV
### (Breach of Fiduciary Duty by Morris)

38.     The Plaintiffs restate the paragraphs above as if fully restated herein.

39.     Morris is a fiduciary within the meaning of 29 U.S.C. §1002(21) with respect to the Health Benefits Fund in that he exercised discretionary authority or control respecting management or disposition of assets of the Fund.

40.     Morris made decisions to utilize Health Benefits Fund assets for purposes other than for the benefit of the beneficiaries of the Fund.

6

41.     By engaging in the acts and omissions described, Morris has breached his fiduciary duty regarding the Health Benefits Fund within the meaning of 29 U.S.C. §1104(a)(1)(A).

42.     Morris is personally liable based on breaching his fiduciary duties pursuant to 29 U.S.C. §1109(a), and is personally liable to that Fund for any resulting losses to the Fund.

**WHEREFORE**, the plaintiffs demand judgment against the defendants as follows:

A.     That defendants Rita Leone and Russell J. Morris, jointly and severally, be ordered to pay the plaintiffs the delinquent contributions due the plaintiffs, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due the Funds during the pendency of this action;

B.     That jurisdiction of this matter be retained pending compliance with the Court's Orders; and

C.     That the plaintiffs receive such other legal or equitable relief as this Court deems just and proper.

Dated: November 3, 2015                    Respectfully submitted,

Thomas R. Landry
BBO #625004 (tlandry@krakowsouris.com)
KRAKOW & SOURIS, LLC
225 Friend Street
Boston, MA 02114
(617) 723-8440 (phone)
(617) 723-8443 (fax)

/s/ Thomas R. Landry_____
Attorney for Plaintiffs

7